IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**GERALD M. STACEY**,

       Plaintiff,

   v.

**CAROLYN W. COLVIN**,
Acting Commissioner of the Social Security
Administration,

       Defendant.

_____

**Civ. No. 6:12-cv-01520-MC**

**OPINION AND ORDER**



MCSHANE, Judge:

     Plaintiff, Gerald M. Stacey, brings this action for judicial review of the Commissioner's

decision denying plaintiff's application for disability, disability insurance benefits, and

supplemental security income. This court has jurisdiction under 42 U.S.C. §§ 405(g) and

1383(c)(3).

1 – OPINION AND ORDER

Plaintiff seeks benefits as of March 15, 2003 for disability resulting from congenital hemivertebra at right L2, status-post solid fusion at left L1-L3, bipolar disorder, anxiety disorder, depression, borderline intellectual functioning, insomnia, mathematics disorder, Asperger's disorder, and an alleged IQ of 65. In his decision dated April 28, 2011, the administrative law judge (ALJ), James Yellowtail, determined that plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. TR 14–24.[1]

Plaintiff argues the ALJ erred by failing to consider Listing 12.05(C), improperly formulating plaintiff's residual function capacity, and failing to properly evaluate the medical evidence of record. [#13 at 8]. Plaintiff also argues that the ALJ failed to give clear and convincing reasons for rejecting plaintiff's testimony, improperly developed the record, and improperly rejected lay opinions.

For the following reasons, the Commissioner's decision is **AFFIRMED**.


## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm. for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). As the Appeals Council denied plaintiff's request for review, the ALJ's written decision became the Commissioner's final decision. 20 C.F.R. § 404.981. To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

---

[1] "TR" refers to the transcript of the Social Security Administrative Record provided by the Commissioner.

2 – OPINION AND ORDER

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). If the claimant satisfies their burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520.

At step one, the ALJ found that plaintiff had not engaged substantial gainful activity since her alleged onset date of March 15, 2003. TR 16; 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ determined that plaintiff had the following severe impairments: congenital hemivertebra at right L2, status post solid fusion at left L1-L3, bipolar disorder, anxiety disorder, rule out borderline intellectual functioning, and rule out mathematics disorder (20 C.F.R. 404.1520(c), 416.920(c)). TR 17. At step three, the ALJ found that plaintiff's impairments did not meet or equal at least one of the "listed" impairments in 20 C.F.R. §§ 404.1509, 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and/or 416.926. *Id.*

At step four, the ALJ evaluates the medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by their impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ then uses this information to determine if the claimant can perform their past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). If not, the analysis proceeds to step five. Here, the ALJ found that plaintiff was not able to perform his past relevant work. TR 22.

At step five, the burden shifts to the Social Security Administration to show that "the claimant can adjust to perform some other work that exists in the national economy, taking into

3 – OPINION AND ORDER

consideration the claimant's RFC, age, education, and work experience." 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f), 416.920(a)(4)(v), 416.920(f); *Yuckert v. Bowen*, 482 U.S. 137, 142 (1987); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). Here, the ALJ found that, based on plaintiff's RFC determination, he could perform work existing in significant numbers in the national economy, as demonstrated by several representative occupations, including small products assembler, garment sorter, and photocopying machine operator. TR 22–23.

Plaintiff asserts that the ALJ erred in his findings at steps three and five. [#13 at 10]. Plaintiff's various arguments question (1) whether the ALJ properly evaluated and considered Listing 12.05(C), (2) whether the ALJ failed to develop the record with respect to plaintiff's IQ, (3) whether the ALJ improperly found plaintiff not credible, (4) whether the ALJ properly evaluated and assigned weight to the medical opinion evidence of record, (5) whether the ALJ properly rejected lay witness testimony, and (6) whether the ALJ's RFC finding improperly omitted plaintiff's limitations.

## I.     The ALJ's 12.05(C) Finding

Plaintiff asserts that the ALJ considered whether he "met or equaled listings 1.04, 12.02, 12.04, and 12.06, yet inexplicably failed to ascertain whether Plaintiff met listing 12.05C." [#13 at 11]. Importantly, when considering the other explicitly mentioned listings, the ALJ found plaintiff did not meet the criteria to be considered disabled under the same requirements outlined in Listing 12.05(C).

The ALJ did, in fact, analyze the factors outlined in Listing 12.05(C) when he discussed plaintiff's IQ and determined that plaintiff had no deficit in adaptive function capabilities. TR 21. Plaintiff argues that the ALJ improperly rejected the opinion of Dr. Kenny, his treating physician, who stated that plaintiff had an IQ of 65. [#13 at 11–15]. Additionally, plaintiff

4 – OPINION AND ORDER

asserts that the ALJ improperly failed to obtain IQ tests, to plaintiff's detriment. [#13 at 14]. Plaintiff's assertions are unfounded.

Dr. Kenny's letter expressing her opinion on plaintiff's IQ contains only cursory conclusions and provides no clinical basis for those findings. TR 381. An ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Conversely, the ALJ did not err in adopting Dr. Trueblood's opinion regarding plaintiff's mental capabilities because that opinion is supported by an official clinical diagnosis and a description of the tests leading to his findings. TR 329. Accordingly, "the [social security] regulations give more weight to opinions that are explained than to those that are not." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001).

**II.     Development of the Record Regarding Plaintiff's IQ**

Along with plaintiff's allegations regarding Listing 12.05(C), he alleges that "[t]he ALJ committed reversible error by failing to fully develop the record" with respect to plaintiff's IQ.

Under the pertinent regulations, a claimant "must provide medical evidence showing that [he] ha[s] an impairment and how severe it is during the time [of alleged disability]." 20 C.F.R. § 416.912(c). Plaintiff argues that "there is no evidence to suggest that the IQ level reported by Dr. Kenny, [sic] was not based on reliable, credible, and acceptable diagnostic techniques." [#13 at 12]. There is no evidence to suggest that such finding *was* based on reliable, credible, and acceptable diagnostic techniques. Importantly, it is established precedent that that the claimant bears the burden of providing sufficient evidence of his disability. *Villa v. Heckler,* 797 F.2d 794, 797 (9th Cir. 1986). Here, where Dr. Kenny's finding are simply mentioned in a letter and

5 – OPINION AND ORDER

unsupported by objective medical evidence, as discussed *supra*, the ALJ operated within his discretion in dismissing those findings.  TR 381.

Further, "the ALJ may request additional medical reports or testing, but there is no requirement to do so if the ALJ does not deem it necessary." *Blackmon v. Comm'r of Social Sec.*, No. 97-35679, slip op. at 3 (9th Cir. May 6, 1998).  Plaintiff suggests that Dr. Trueblood's findings on plaintiff's IQ are as unsupported by official diagnostic testing as Dr. Kenny's. [#13 at 12].  That argument is unpersuasive.  When assessing plaintiff's mental capacity, Dr. Trueblood performed calculation tests, step command diagnostics, concentration analysis, memory task analysis, general knowledge tests, proverbial interpretation tests, practical judgment tests, and other such psychodiagnostic examinations.  TR 329.  Accordingly, Dr. Trueblood's cognitive evaluation of plaintiff, even if brief, still serves to provide a basis for his findings on plaintiff's IQ and properly develops the record with respect to plaintiff's cognitive capabilities.  The ALJ did not err in considering Dr. Trueblood's findings nor did he fail to develop the record in this context.

**III.    The ALJ's Credibility Determination**

Plaintiff asserts that "the ALJ gave the following reasons to reject Plaintiff's specific testimony: NONE." [#13 at 21].  Additionally, plaintiff argues that the ALJ "erroneously dismissed the testimony of plaintiff by failing to consider or evaluate the same." *Id.*

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Further, the ALJ's credibility findings must be "sufficiently specific to permit the reviewing

6 – OPINION AND ORDER

court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc)).

It is well established that the ALJ is responsible for determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). This is because courts have found that ALJs are in the best position to make credibility findings. *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir. 1989). It follows that when an ALJ has made specific findings justifying a decision to disbelieve an allegation, and those findings are supported by substantial evidence in the record, this court's role is not to second-guess that decision. *Id.* Further, it is established precedent that "courts should uphold an ALJ's decision when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008).

In determining credibility, the ALJ may consider objective medical evidence, the claimant's treatment history, the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Additionally, the ALJ is charged with determining the credibility of medical testimony and resolving ambiguities in the evidence. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). In this pursuit, the ALJ may employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.*

Other factors an ALJ may consider when determining credibility include "ordinary" techniques of credibility evaluation, such as assessing the claimant's reputation for deceit, prior inconsistent statements, and other testimony by the claimant that appears less than candid; unexplained or inadequately explained failure to seek treatment or to follow a prescribed course

7 – OPINION AND ORDER

of treatment; and the claimant's daily activities. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002) (citing *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

This court's review of the Commissioner's final disability determination is limited to evaluating whether the findings are supported by substantial evidence and whether the decision is free of harmful legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Molina v. Astrue*, 674 F.3d 1104, 1110–11 (9th Cir. 2012). Substantial evidence constitutes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1110 (internal quotation marks omitted). The court may not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "if evidence exists to support more than one rational interpretation, the Court must defer to the Commissioner's decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The facts and evidence in this case are susceptible to more than one rational interpretation. This court finds that the ALJ's determinations were supported by substantial evidence in the record and that his decision was free of harmful legal error. The ALJ provided clear and convincing reasons for rejecting Mr. Stacey's subjective testimony. Further, the ALJ did not improperly reject the opinion of Dr. Kenny. The ALJ was similarly within his bounds of discretion in assigning nominal weight to the opinion of Dr. Trueblood. The ALJ offered clear and convincing reasons for these credibility determinations, which are supported by substantial evidence in the record. Therefore, the ALJ's findings must be upheld. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

In discrediting some of plaintiff's testimony, the ALJ referenced a "lack of objective medical and psychiatric evidence supporting the claimant's claims and the inconsistencies in the

8 – OPINION AND ORDER

claimant's statements." TR 21.  Specifically, the ALJ stated "no medical or mental source, at any time, even remotely supports the claimant's claims."  *Id.*  Additionally, the ALJ found inconsistencies between plaintiff's subjective complaints and his daily activities and work history, including the fact that "claimant worked at medium exertion in a mail room job from 2000 to 2003 that ended only because the bank reorganized."  TR 281.  This is a substantially sufficient reason for disregarding plaintiff's subjective testimony.  *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

Further, the ALJ noted, "[t]he claimant testified to limited ability to walk and stand . . . [h]owever, in the medical evidence the claimant stated that '[h]e can stand and walk for as long as he wants.'"  TR 21, 281.  This statement clearly constitutes "testimony by [plaintiff] that appears less than candid" and is therefore a permissible factor for consideration in the ALJ's credibility determination.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citing *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)).  Additionally, this statement is supported by substantial evidence in the record.  TR 281.

Next, the ALJ found that plaintiff has "good adaptive skills in coping with common life demands" and that plaintiff pursues a wide array of daily activities.  TR 21.  This finding is germane to the ALJ's credibility determination.  An ALJ's interpretation of a claimant's daily activities which appear inconsistent with subjective symptom testimony is a proper basis for rejecting that testimony.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  Specifically, the ALJ noted that plaintiff drives and uses public transportation without problems, "compulsively" attends to his personal care, runs his own errands, pays his own bills, performs household chores, prepares simple meals, attends to his pets, socializes with his family, and assists with caring for his parents' foster children.  TR 21.  Additionally, plaintiff goes to the

9 – OPINION AND ORDER

beach, fishes, hikes, and camps for recreation purposes. TR 21. While these activities do not suggest an automatic inference that plaintiff is capable of working, they belie plaintiff's alleged level of impairment. The ALJ may draw an adverse inference as to the plaintiff's credibility in regards to his subjective complaints. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

On balance, the ALJ has provided specific reasons, supported by substantial evidence in the record, to reject plaintiff's subjective symptom testimony.

**IV.    The ALJ's Rejection of Lay Witness Testimony**

Plaintiff argues that the ALJ improperly rejected the testimony of third party witnesses who testified in support of plaintiff's disability allegations. Notably, the standard for rejecting lay witness testimony is more lenient than that for rejecting claimant's credibility. Lay testimony supporting a claimant's alleged symptoms must be taken into account by the ALJ unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). In this case, the reasons that the ALJ proffered for rejecting the lay witness testimony satisfy the standard set forth above.

> **Formatted:** Hidden

First, plaintiff argues that the ALJ improperly discounted Geoff Turner's testimony. Plaintiff asserts that the ALJ failed to take into account of Mr. Turner's testimony regarding plaintiff's training difficulties at Mr. Turner's computer shop. [#13 at 23]. However, the ALJ cited plaintiff's prior multi-year work experience in a medium exertion employment setting, the mailroom, and the fact that said experience ended only due to reorganization, rather than plaintiff's inability to understand directions as Mr. Turner suggests. TR 22, 272. This inconsistency is germane to a summary rejection of Mr. Turner's lay testimony, as plaintiff's

10 – OPINION AND ORDER

ability to learn and follow directions is solely at issue in Mr. Turner's statements. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

      Second, plaintiff argues that the ALJ improperly rejected the testimony of plaintiff's family members, Melanie Smit, Marci Anne Rose, and Toni Anne Wilson. [#13 at 22, 24]. These lay witnesses testified to plaintiff's inability to follow and retain simple instructions. TR 218, 274–75, 383. The ALJ considered and subsequently dismissed this testimony, citing the fact that these same witnesses described plaintiff "as being physically and mentally independent in most aspects of his life" and "rather than [plaintiff] being reliant on his mother, she depends on him for help." TR 22. These inconsistencies are reasons sufficiently germane to the witnesses' testimony, and are therefore a sound basis for the ALJ's rejection of such testimony. Additionally, because the ALJ provided a germane reason for rejecting testimony by one of these witnesses, "[he] need only point to those reasons when rejecting similar testimony by different witness[es]." *Molina*, 674 F.3d at 1114.

      Third, plaintiff asserts that the ALJ improperly rejected the testimony of Beth Bunch, one of plaintiff's former managers when Mr. Stacey was employed as a pizza delivery person. [#13 at 22]. As the ALJ noted, "Ms. Bunch states that the claimant was unable to deliver pizzas." TR 21. However, the ALJ found that "[delivering pizzas] requires semi-skilled tasks that are beyond the claimant's" RFC. *Id.* Since this opinion does not disturb the ALJ's RFC finding, the reason the ALJ provided is relevant to Ms. Bunch's testimony, and is therefore not improper.

      Based on the above analysis, this court finds that the ALJ did not improperly discount the lay witness testimony proffered by plaintiff.

11 – OPINION AND ORDER

## CONCLUSION

The ALJ's findings that Mr. Stacey is not entitled to disability insurance benefits or SSI disability benefits under the Social Security Act is based upon correct legal standards and supported by substantial evidence in the record. Therefore, the Commissioner's final decision is **AFFIRMED**.

IT IS SO ORDERED.

DATED this 31st day of October, 2013.

_____/s/  Michael J. McShane_____
Michael J. McShane
United States District Judge

12 – OPINION AND ORDER